J-S19044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER STEVEN GARRISON | : | |
| | : | |
| Appellant | : | No. 1500 MDA 2023 |

Appeal from the Judgment of Sentence Entered August 29, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000990-2023

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: JUNE 7, 2024**

Appellant, Christopher Steven Garrison, appeals from the judgment of sentence imposed by the Luzerne County Court of Common Pleas after he entered a guilty plea to driving under the influence of alcohol (DUI) – general impairment (as a third offense) and driving while operating privilege is suspended or revoked.[1]  His counsel has filed an application to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that Appellant has no non-frivolous claims to present.  As we agree with counsel's assessment and counsel has complied with the requirements for withdrawal under *Anders*, we affirm the judgment of sentence and grant counsel's application to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1) and 1543(a), respectively.

On July 12, 2023, Appellant entered his guilty plea to the above-referenced offenses.[2] In exchange for the plea, the Commonwealth agreed to withdraw additional charges and Appellant agreed to waive the right to file "post-trial or post-sentence motions, except sentencing challenges," and any petitions for post-conviction relief "except for claims of ineffective assistance of counsel." N.T. 7/12/23, 3. There was no agreement as to a joint sentencing recommendation. Sentencing was deferred for the preparation of a pre-sentence investigation report. *Id.* at 7. On August 29, 2023, the court imposed twelve to twenty-four months' imprisonment for DUI, along with a fine and court costs for the operating privilege conviction.[3] Order, 8/29/23, 1. Appellant timely filed a post-sentence motion for reconsideration of sentence that the plea court denied on September 27, 2023. Post-Sentence Motion, 9/7/23, 1-2; Supplemental Motion to Modify Sentence, 9/14/23, 1-2; Order, 9/27/23, 1. Appellant initiated this appeal with a timely-filed notice of appeal that was filed by appointed counsel. Notice of Appeal, 10/24/23, 1.

_____

[2] On the same date, the court revoked a probationary term that Appellant was serving at CP-40-CR-0000632-2022, as the convictions in the instant case constituted violations of that probationary term. N.T. 7/12/23, 6. The court immediately reinstated the same sentence that had been originally imposed in that former case. *Id.* at 7.

[3] The imprisonment term was at the bottom of the standard range recommended by the Sentencing Guidelines. N.T. 8/29/23, 3 (noting that the guidelines recommended a minimum imprisonment term between twelve and eighteen months); *Anders* Brief at 10 (agreement with the guideline range calculation). While the DUI offense was charged as a "third offense," *see* N.T. 7/12/23, 2, it was actually a fifth DUI conviction for Appellant. *See* N.T. 8/29/23, 3.

Appellant also timely-filed a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. Rule 1925 Order, 10/25/23, 1; Rule 1925(b) Statement, 11/10/23, 1-2.

Counsel's *Anders* brief presents the following questions for our review:

1. Did the trial court abuse its discretion by failing to impose a county sentence, rather than a state sentence, and provide [Appellant] with house arrest/electronic monitoring?

2. Did the trial court impose an illegal sentence by failing to designate [Appellant] eligible for [a reduced minimum sentence under the Risk Reduction Incentive Act (RRRI)]?

*Anders* Brief at 3.

As an initial matter, we must address counsel's request to withdraw. *See Commonwealth v. Watts*, 283 A.3d 1252, 1254 (Pa. Super. 2022) ("Before we may consider the issues raised in the *Anders* brief, we must first consider counsel's petition to withdraw from representation."). Counsel who believes an appeal is frivolous and seeks to withdraw from representation under *Anders* must:

[(]1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; [(]2) furnish a copy of the brief to the [appellant]; and [(]3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

*Commonwealth v. Redwood*, 273 A.3d 1247, 1252 (Pa. Super. 2022) (citation omitted). In *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa.

2009), our Supreme Court addressed the second point of the **Anders** standard, *i.e.*, the contents of the **Anders** brief, requiring that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the **Anders** requirements, this Court has a duty to conduct its own review of the lower court's proceedings and make an independent determination whether the appeal is wholly frivolous. **Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, we find that counsel has complied with the **Anders** standard for withdrawal. Counsel has filed a brief which includes a factual and procedural history summary that refers to the lower court's record with citations, identifies possible claims challenging the discretionary aspects and legality of Appellant's sentence, and explains why the proposed claims would not merit relief based on our controlling law. Moreover, counsel has filed a petition to withdraw as counsel with an appended letter to Appellant in which counsel advised Appellant of his right to raise additional issues with this Court either

as a *pro se* litigant or with the assistance of privately retained counsel.[4]  Our docket does not reveal any subsequent response filed by Appellant.  As counsel has fully complied with the mandated procedure for withdrawing as counsel, we may proceed with substantive review.

Since Appellant entered a guilty plea without an agreement that included a joint sentencing recommendation that was accepted by the lower court, his issues for direct review are limited to challenges to the jurisdiction of the plea court, the validity of the guilty plea, the discretionary aspects of the sentence imposed, and the legality of the sentence.  ***See Commonwealth v. Brown***, 240 A.3d 970, 972 (Pa. Super. 2020) ("A defendant may generally only appeal matters concerning the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence.  Additionally, when a defendant pleads guilty without an agreement as to the sentence, he may challenge the discretionary aspects of the sentence imposed.") (citations omitted).

While counsel addresses possible claims involving the discretionary aspects and legality of Appellant's sentence, we note that there are no apparent issues to be raised with respect to the jurisdiction of the lower court and the validity of the plea: the affidavit of probable cause attached to Appellant's criminal complaint reveals that his offenses were committed in the

---

[4] The letter was addressed to Appellant for mailing to the Quehanna Boot Camp which remains where Appellant is assigned for placement according to our Commonwealth's online inmate locator.  ***See*** Pennsylvania Department of Corrections Inmate/Parolee Locator, https://www.cor.pa.gov/Inmates/Pages/Inmate-Locator.aspx

city of Wilkes-Barre, in the county seat of Luzerne County; Appellant had adequate notice of his criminal charges; the plea court, as a judge sitting for the Luzerne County Court of Common Pleas, was competent to accept Appellant's plea; and all of the essential components for a voluntary and knowing plea were covered by Appellant's oral and written guilty plea colloquies.[5]   Affidavit of Probable Cause attached to Criminal Complaint, 2/16/23; N.T. 7/12/23, 2-6; Plea Agreement, 7/12/23, 1; **see Commonwealth v. Goldblum**, 447 A.2d 234, 244 (Pa. 1982) ("Subject matter jurisdiction in the trial court exists by virtue of the presentation of prima facie evidence that a criminal act occurred within the jurisdiction of the court."); **Commonwealth v. McGarry**, 172 A.3d 60, 66 (Pa. Super. 2017) (noting that all courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crime Code, and explaining that all courts of common pleas, including the Court of Common Pleas of Erie County, possessed jurisdiction over a case in which DUI crimes occurred in Erie County); **Commonwealth v. Pollard**, 832 A.2d 517, 522-23 (Pa. Super. 2003) (detailing the areas of inquiry necessary to establish a knowing and voluntary plea); **Commonwealth v. McNeil**, 665 A.2d 1247, 1251 (Pa.

---

[5] Even if there was any apparent issue with the validity of Appellant's guilty plea, any claim of that nature would be waived because he never preserved any challenge to the plea before the lower court and never filed a motion to withdraw his plea.  **See Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing.  Failure to employ either measure results in waiver.") (citations omitted).

Super. 1995) ("Personal jurisdiction in a criminal matter is secured through the defendant's presence within the territorial jurisdiction of the court.").

As for a challenge to the discretionary aspects of his sentence, Appellant would be limited on appeal to addressing the denial of any discretionary sentencing claim that he already preserved before the plea court. **See** **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (stating, "issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (citation omitted); **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003) (discretionary sentencing claim waived where, although appellant filed a post-sentence motion for reconsideration of sentence, the motion did not include the specific claim raised on appeal); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Appellant's initial post-sentence motion raised the following sentencing claim:

> 2. Defendant seeks to have the court modify and reconsider the sentence for the following reasons:
>
> > a. Defendant suffers from memory loss, and has verbal issues due to a previous accident, and needs the right therapy, which he believes he does not receive properly in jail.
>
> > b. Defendant also has a family and owns a home.

> c. Defendant believes he deserves to have [h]ouse [a]rrest due to his mental/physical conditions.

Post-Sentence Motion to Modify and/or Reconsider Sentence, 9/7/23, ¶ 2. In a supplemental post-sentence motion, Appellant restated that he suffered a serious brain injury that affected his speech, equilibrium, and memory, alleged that he wanted to continue attending weekly therapy sessions, and asserted that his paramour and her children relied on the income provided by his employment. Supplemental Motion to Modify Sentence, 9/14/23 ¶¶ 3-7.

Counsel concedes that a sentencing claim challenging the failure to impose county imprisonment with house arrest instead of state imprisonment would fail because the plea court, having possession of a pre-sentence investigation report, "knew of, considered[,] and weighed the relevant factors, including personal characteristics, [and] mitigating and aggravating factors when imposing a sentence in the standard range." *Anders* Brief at 19-20. Counsel thus agrees that the imposition of the instant sentence was within the discretion of the plea court. *Id.*

We agree with counsel's review. Because Appellant received a sentence within the standard range recommended by the Sentencing Guidelines, we could not vacate the sentence and remand for resentencing unless this case involved circumstances where the application of the guidelines "would be clearly unreasonable." 42 Pa.C.S. § 9781(c)(2); *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (a sentence imposed within the standard guideline range is presumptively reasonable). All the

circumstances that were addressed in the post-sentence motion claims were already addressed at sentencing by Appellant and his counsel. N.T. 8/29/23, 3. Moreover, because the plea court had the benefit of a pre-sentence investigation report, we may presume that it was aware of all the relevant mitigating factors and properly considered them. *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) ("Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."); *see, e.g., Commonwealth v. Morrobel*, 311 A.3d 1153, 1158 (Pa. Super. 2024) (We will presume the sentencing court was aware the relevant information concerning Morrobel's character and history, as the court had the benefit of a pre-sentence investigation."). On this record, we would reject a discretionary sentencing claim because it would be merely asking us to reweigh the mitigation evidence and substitute our own judgment in place of plea court's sentencing decision. *See Commonwealth v. Bowens*, 265 A.3d 730, 764 (Pa. Super. 2021) (*en banc*) ("We cannot reweigh the sentencing factors and impose our judgment in place of the sentencing court.").

As for a challenge to the legality of Appellant's sentence, counsel concedes that a claim concerning the plea court's finding that Appellant was ineligible for RRRI would fail as meritless because Appellant had a prior conviction for recklessly endangering another person (REAP). *Anders* Brief, 21. We agree with counsel's assessment. A claim concerning RRRI eligibility

would be reviewable, regardless of preservation, as it implicates the legality of a sentence. *See Commonwealth v. Quiles*, 166 A.3d 387, 392 (Pa. Super. 2017) ("The question of whether a defendant is RRRI eligible presents a question of statutory construction and implicates the legality of the sentence imposed.") (internal quotation marks and citation omitted). At the same time, the finding of RRRI ineligibility did not render Appellant's sentence illegal. As shown in the pre-sentence investigation report, Appellant had a prior conviction for REAP in a former matter at CP-40-CR-0003268-2014, that resulted from a past guilty plea. REAP constitutes a personal injury crime under the Crimes Victim Act, which automatically renders a person ineligible for a RRRI sentence. *See* 61 Pa.C.S. § 4503(3); *see also* 18 P.S. § 11.103 (defining a personal injury crime as, *inter alia*, an act that constitutes a misdemeanor or felony under Chapter 27 off the Crimes Code); 18 Pa.C.S. § 2705 (defining REAP as a misdemeanor under Chapter 27 of the Crimes Code). Accordingly, counsel is correct that any claim that the plea court entered an illegal sentence by finding Appellant ineligible for a RRRI sentence would be frivolous.[6] *See Commonwealth v. Garzone*, 993 A.2d 1245, 1254 n.7 (Pa.

_____

[6] There is also no other apparent issue that would implicate the legality of Appellant's sentence where he pleaded guilty to DUI as a misdemeanor of the first degree, a sentence of up to five years' imprisonment could be imposed for a misdemeanor of the first degree, and Appellant only received a maximum imprisonment term of twenty-four months. *See* 18 Pa.C.S. § 1104(1). If the offense had been charged as a fifth offense, which it appears to have been from the record, the offense would have instead been graded as a felony of the third degree pursuant to 75 Pa.C.S. § 3803(a)(3), which would have created a sentencing exposure of up to seven years' imprisonment. 18 Pa.C.S. § 1103(3).

Super. 2010) (noting that Garzone was ineligible for RRRI "since he pled guilty to recklessly endangering another person").

Judgment of sentence affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/07/2024