J-S22005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
        v.   :
  :
  :
BARRY LEE CRESPO   :
  :
       Appellant   :   No. 623 WDA 2023

Appeal from the Judgment of Sentence Entered May 1, 2023
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000343-2008

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:      **FILED: September 13, 2024**

Barry Lee Crespo appeals from the judgment of sentence imposed for his convictions of involuntary deviate sexual intercourse, unlawful contact with a minor, statutory sexual assault, five counts of aggravated indecent assault, six counts of corruption of minors, and six counts of indecent assault.[1] Crespo's counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and a petition to withdraw as counsel. We grant counsel's petition to withdraw and affirm the judgment of sentence.

Before we address the merits of this appeal, we note **with extreme displeasure** the Commonwealth's failure to file an appellee's brief. "An appellee is required to file a brief that at minimum must contain a summary

---

[1] 18 Pa.C.S.A. §§ 3123(a)(7), 6301(a)(1), 3122.1, 3125(a)(8), 6301(a)(1), and 3126(a)(8), respectively.

of argument and the complete argument for appellee." ***Commonwealth v. Pappas***, 845 A.2d 829, 835 (Pa. Super. 2004) (internal quotation marks and citation omitted). In ***Pappas***, the panel referred to the Commonwealth's failure to file a proper appellee's brief as "unacceptable." ***Id.*** We echo that opinion and remind the Commonwealth of its obligation to file an advocate's brief in future appeals. In light of the extremely serious charges and convictions, it is entirely unacceptable that the Commonwealth did not file an advocate's brief in this case.[2]

The facts of this case were aptly summarized by a previous panel of this Court:

> The facts leading to [Crespo's] conviction involved his engaging in sex acts with a fourteen-year[-]old female. Specifically, [Crespo] was a youth advocate counselor employed by the Somerset Youth Advocate Program, a non-profit agency providing youth counseling services for Bedford County Children and Youth Services. As part of his employment, [Crespo] provided counseling services to the victim, N.N. On November 20, 2007, N.N. reported to Pennsylvania State Police that [Crespo] had sexually assaulted her. When confronted by police, [Crespo] provided a false alibi, including altered phone records. [Crespo] also doctored work time sheets, relative to the time admittedly spent with the victim. The time sheets were doctored prior to the allegations coming forward.
>
> At trial, the victim related that on two occasions [Crespo] placed his finger in her vagina. She also testified that during a separate incident [Crespo] performed oral sex on her and placed his fingers in her vagina while in his car. The victim further reported that [Crespo] took her to a Super 8 motel where he

---

[2] By way of a letter dated January 26, 2024 from the Deputy Prothonotary of the Superior Court, the Commonwealth was advised that the Brief for the Appellee was due by February 26, 2024.

engaged in oral sex and digital penetration. Finally, the victim testified to an incident that occurred when [Crespo] took her to get a tattoo covered.[a] On this occasion, [Crespo] and the victim stayed at a motel together. Police confirmed that [Crespo] paid for the motel and traveled together with the victim and met with [Crespo's] cousin, who was a tattoo artist. The victim provided that at the motel [Crespo] had sexual intercourse with her after they smoked marijuana and consumed beer. The following day, [Crespo] attempted to have sex with the victim again, and also made her manually stimulate him. The victim indicated that [Crespo] did not penetrate her vagina during this incident. In addition, the victim acknowledged during direct examination that she had been in a sexual relationship with an eighteen-year[-]old boy, and that [Crespo] did not approve. According to the victim, [Crespo] was jealous of this relationship. The victim further accurately informed the jury that [Crespo] had undergone a vasectomy.

> [a] The victim's tattoo was below her waist and consisted of the name of a boy she had previously run away with at the age of thirteen. She admitted telling [Crespo] that she wanted it covered.

*Commonwealth v. Crespo*, 788 WDA 2012, *1-3 (Pa. Super. filed Aug. 28, 2013) (unpublished memorandum).

The jury found Crespo guilty as noted above. The trial court sentenced Crespo to 20 to 40 years' incarceration. Crespo filed his first direct appeal and this Court affirmed on July 27, 2010. Crespo filed multiple PCRA petitions in the ensuing years and received relief in the form of a new sentencing hearing on May 1, 2023.[3] Crespo was eventually sentenced to 9 to 20 years' incarceration.

_____

[3] Crespo's original sentence was vacated because Crespo was sentenced to a mandatory minimum sentence under 42 Pa.C.S.A. § 9718. The version in
*(Footnote Continued Next Page)*

Crespo filed a timely post-sentence motion and direct appeal. Counsel filed a timely statement of intent to file an ***Anders*** brief. ***See*** Pa.R.A.P. 1925(c)(4). On appeal, counsel has filed an ***Anders*** brief. Counsel raises one claim, that the court abused its discretion in imposing an excessive sentence by running count 1 and count 9 consecutive to each other. ***See Anders*** brief, at 11. Counsel also filed a petition to withdraw as counsel. Crespo filed a *pro se* brief raising one claim: "Whether [Crespo] was prejudiced by counsel's act or omission." *Pro Se* brief, at iii (unnecessary capitalization omitted).

"When faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (citation omitted).

> Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:
>
> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be wholly frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right

---

effect at the time of Crespo's original sentencing hearing was found unconstitutional in ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016). The Commonwealth agreed that Crespo was serving an illegal sentence and did not oppose the court vacating his sentence and resentencing him. ***See*** Order, 12/6/22 (single page).

> to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

*Id.* (citations omitted).

Our Supreme Court further detailed the requirements counsel must meet to withdraw from representation:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel complied with the dictates of *Anders* and its progeny. Counsel filed a petition to withdraw as counsel that sets forth his "thorough review of the record" and determined "that no non-frivolous issues exist[.]" Petition to Withdraw as Counsel, 1/26/24, at 3 (unpaginated). Counsel filed a brief that refers to anything that might support the appeal and the brief does not resemble a no-merit letter or amicus curiae brief. *See Anders* brief, at 14-15. Finally, counsel provided to this Court a copy of the letter he sent to Crespo wherein he advises Crespo that he may retain new counsel or raise any additional points he believes may be worthy of this Court's attention and notes that he enclosed a copy of his *Anders* brief. *See* Letter to Appellant (single page). Finally, counsel's brief provides a summary of the procedural history and facts, sets forth his conclusion that the appeal is frivolous and provides

his reasons for concluding the appeal is frivolous with citations to controlling case law and statutes. *See Anders* brief, at 7-8, 15-16.

We now turn to the issue raised by counsel in the *Anders* brief: an abuse of discretion in sentencing. *See Commonwealth v. Bennett*, 124 A.3d 327, 333 (Pa. Super. 2015) ("[W]hen an appellant, either acting *pro se* or through private counsel, files a response to the *Anders* brief, our independent review is limited to those issues raised in the *Anders* brief. We then review the subsequent *pro se* or counseled filing as we do any advocate's brief.").

A challenge to the discretionary aspects of sentence must be set forth as a petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9781(b) ("The defendant … may file a petition for allowance of appeal of the discretionary aspects of a sentence[.]").

> To invoke this Court's jurisdiction to review a challenge to the discretionary aspects of a sentence, an appellant must satisfy a four-part test:
>
> > (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (internal brackets and citation omitted).

Crespo filed a timely post-sentence motion and notice of appeal. Counsel included in his *Anders* brief a Rule 2119(f) statement. *See Anders* brief, at

11. However, counsel asserts that the claim does not raise a substantial question and therefore the appeal is frivolous. *See id.* at 16. Counsel notes that Crespo believes his claim has merit because two counts were run consecutive, and his sentence was therefore excessive. *See id.* at 11.

A substantial question is presented when the appellant shows "that the sentence imposed was inappropriate and contrary to the fundamental norms underlying the sentencing code." *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 597 (Pa. Super. 2010) (citation omitted).

> The general rule in Pennsylvania is that in imposing a sentence, the court has discretion whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed. That has led to the standard that in most cases, the court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal. However, each case is to be looked at individually and the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.

*Commonwealth v. Morrobel*, 311 A.3d 1153, 1157 (Pa. Super. 2024) (quotation marks and citations omitted).

Here, the aggregate sentence is 9 to 20 years' incarceration. The criminal conduct at issue is numerous counts of sexual assault of a 14-year-old child victim. Only two counts were run consecutive to each other, and the remainder were run concurrently. Given the criminal conduct at issue, the age of the victim, and Crespo's conduct following the notice of investigation by the

police, on its face this is not an excessive sentence. We agree with counsel that this does not raise a substantial question and is frivolous.

Furthermore, our independent review reveals that there would be no other basis to raise a substantial question that the sentencing norms were ignored at the time of resentencing. Crespo received half of his original sentence (9 to 20 years' incarceration versus the original 20 to 40 years' incarceration), all sentences were within the standard range of the guidelines, and all but two counts were run concurrent.[4]

Even if a substantial question were raised, Crespo would not be entitled to relief. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Laughman***, 314 A.3d 569, 572 (Pa. Super. 2024) (citation omitted). As the sentences here were all within the standard guideline ranges, we may only vacate the sentence where "application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2).

---

[4] In the *pro se* response, Crespo asserts a claim of judicial vindictiveness because counts 9 through 14 were increased. **See** *Pro Se* brief, at 10. However, where a lesser aggregate term of incarceration is imposed upon resentencing, there is no basis to claim judicial vindictiveness. **See** ***Commonwealth v. Cook***, 175 A.3d 345, 350 n.2 (Pa. Super. 2017) ("Because [a]ppellant received a lesser aggregate term of incarceration upon resentencing, our independent review does not reveal any suggestion of judicial vindictiveness regarding his new sentence.") (citation omitted).

The court had the benefit of a pre-sentence investigation, therefore, "we presume that the court was aware of the relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors." *Commonwealth v. Seagraves*, 103 A.3d 839, 842 (Pa. Super. 2014) (citation omitted). The court "heard testimony regarding [Crespo's] background, and his positive impact on his peers during his time in prison." Trial Court Opinion, 9/18/23, at 1. The court also noted that it considered Crespo's "good conduct, remorse and rehabilitation" but "could not ignore the gravity of the offenses." *Id.* at 3. Upon a thorough review of the sentencing hearing and court's opinion, we do not find the sentence clearly unreasonable. Accordingly, Crespo's claim lacks all forms of merit.

However, that does not end our inquiry, as Crespo filed a responsive brief in which he appears to challenge the discretionary aspects of sentence. However, Crespo does not include a Rule 2119(f) statement in his brief. As such, Crespo has not raised a substantial question in his *pro se* brief either.

Turning to Crespo's *pro se* claims, we note that Crespo's brief is not a model of clarity. It appears Crespo is also raising claims of ineffective assistance of counsel. *See Pro Se* brief, at 1, 2, 9 (noting the three prongs of the "*Strickland*/*Pierce*"[5] test and claiming he was prejudiced by counsel's act or omission). Claims of ineffective assistance of counsel are only

---

[5] *Strickland v. Washington*, 466 U.S. 668 (1984); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

cognizable in a Post-Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546; **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). The **Holmes** Court noted there are two exceptions to the general rule that such claims are only cognizable in a PCRA petition: (1) where the claim of ineffective assistance of counsel is apparent from the record and meritorious to the extent that immediate consideration of the claim would serve the interests of justice, or (2) where there is good cause shown and the defendant has expressly and knowingly waived his right to seek PCRA review. **See id.** at 563-64. Crespo has not asserted either exception. Therefore, we will not address Crespo's claims of ineffective assistance of counsel at this stage.

The only other issue we can discern from Crespo's *pro se* brief is the aforesaid discretionary aspects of sentencing claim. Notwithstanding Crespo's noncompliance with Rule 2119(f), that claim was disposed of during our review of counsel's **Anders** brief. As there are no other issues to consider, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 09/13/2024