J-S08042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREE BRAXTON | : | |
| | : | |
| Appellant | : | No. 2127 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002733-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREE BRAXTON | : | |
| | : | |
| Appellant | : | No. 2128 EDA 2024 |

Appeal from the Judgment of Sentence Entered February 1, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002734-2023

BEFORE:  DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JUNE 27, 2025**

Appellant, Tyree Braxton, appeals from the judgments of sentence entered on multiple dockets by the Court of Common Pleas of Philadelphia County following his guilty pleas to murder of the third degree, aggravated

assault, and possessing an instrument of crime.[1] Appellant alleges the sentencing court abused its discretion by imposing an aggregate term of 18 to 36 years in prison. We affirm.

On the morning of December 29, 2022, Appellant bludgeoned Steven Turner, his stepfather, about the head with a clothes iron in his stepfather's bedroom in their home in the 900 block of Atwood Street in Philadelphia, Pennsylvania. At noon, that same day, police officers arrived on that block in response to a call concerning an attack on a UPS driver, Antonio Reaves. The driver informed the officers that Appellant had entered the truck while he was in it and pushed, punched, and choked him before biting his finger. Appellant was standing near the truck while the officers spoke to Mr. Reaves. When police arrested Appellant, they found him in possession of a wallet with identification cards in the name of Steven Turner. When the officers knocked on Mr. Turner's door to show him the wallet, there was no answer. *See* N.T. Guilty Plea, 12/7/23, 14-26.

At about 4:50 p.m. the same day, police officers returned to Steven Turner's home and discovered his body in a second-floor bedroom with a large laceration on his head. The walls of the bedroom were splattered with blood. Pieces of a shattered clothes iron were scattered on the floor of the bedroom and covered in blood. Officers collected blood evidence from multiple locations

_____

*Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c), 2702(a)(1) and 907(a), respectively.

from the second-floor bedroom to the door of the house, including Appellant's blood-stained clothing. The body of the deceased was brought to the Philadelphia County Medical Examiner's Office where an autopsy was conducted. There were multiple abrasions and lacerations on the deceased's head. The cause of death was determined to be blunt impact head trauma. The manner of death was homicide. **See** N.T. Guilty Plea, 12/7/23, 14-26.

On December 7, 2023, Appellant entered guilty pleas in two cases. Under docket number CP-51-CR-0002733-2025, which is the subject of appeal number 2127 EDA 2024, Appellant entered an open guilty plea to aggravated assault with respect to Mr. Reaves. N.T. Guilty Plea, 12/7/23, 27-29. Under docket number CP-51-CR-0002734-2025, which is the subject of appeal number 2128 EDA 2024, Appellant entered open guilty pleas to murder in the third degree with respect to Mr. Turner and to possessing an instrument of crime. **Id.**, 28-29. The court ordered a presentence investigation report ("PSI") and a mental health evaluation ("MHE"). **Id.**, 29. Appellant's counsel also agreed on the record that the sentencing guidelines for the aggravated assault conviction suggested 22 to 36 months imprisonment in the standard range, less 12 months for the mitigated range, and plus 12 months for the aggravated range. **Id.**, 31.

The plea court presided over the sentencing proceeding on February 1, 2024.[2] The court explained it had reviewed the PSI and MHE. It also acknowledged the sentencing memorandum filed by Appellant. The court then reviewed the sentencing guideline range for the murder conviction, which was 90 months to the statutory maximum of 40 years imprisonment in the standard range, less 12 months for the mitigated range, and plus 12 months for the aggravated range. N.T. Sentencing, 2/2/24, 3-4. *See* 18 Pa.C.S. 1102(d) (setting forth 40-year maximum for a first offense of murder of the third degree).

Although it deferred to the court's discretion at sentencing, the Commonwealth presented evidence and argument to support a lengthy term of imprisonment. It presented two of the decedent's family members to explain the deleterious effect the murder had on Turner's relatives. The Commonwealth also proffered that Mr. Reaves would have testified he continued to suffer from post-traumatic distress syndrome since Appellant's assault. It argued that the rage exhibited by Appellant in attacking two people

_____

[2] We note there is a discrepancy in the record as to the date of sentencing. The notes of testimony for sentencing are dated February 2, 2024, and the notices of appeal state that sentencing was on February 2, 2024. However, the dockets indicate that sentencing occurred on February 1, 2024, the sentencing orders are dated February 1, 2024, and the trial court states that sentencing occurred on February 1, 2024. We believe that that the February 2, 2024, date is scrivener's error, and the correct date is February 1, 2024. Because Appellant obtained permission to file an appeal *nunc pro tunc*, the discrepancy is immaterial to our jurisdiction to entertain this appeal. Nonetheless, we will refer to the date noted on the title page of the notes of testimony when citing to them.

on the same day, as well as his bench warrant status from an assault charge in Florida, demonstrated a need to protect public safety generally. ***Id.***, 5-26.

In his presentencing memorandum, Appellant included, *inter alia*, the opinion of Heather L. Harris, a forensic chemistry consultant, who wrote about the possible effects that smoking synthetic marijuana could have had on Appellant which might provide a possible explanation for his otherwise unexplained explosion of rage. ***See*** Appellant's Presentencing Memorandum, 1/22/24, Attachment (letter from Heather L. Harris, dated 1/22/24). Appellant's counsel admitted there was no direct evidence to support the claim that Appellant had, immediately prior to attacking his stepfather, consumed synthetic marijuana, but offered the opinion as a possible explanation for the allegedly out-of-character behavior. ***See*** N.T. Sentencing, 2/1/24, 13-19. Appellant requested the court impose a sentence in the mitigated range. ***Id.***, 20.

The court determined that an aggregate term of 18 to 36 years' imprisonment was appropriate. On docket number CP-51-CR-0002734-2025 (2128 EDA 2024), the court imposed a term of 15 to 30 years' imprisonment on the conviction of murder of the third degree and no further punishment for possessing an instrument of crime. On docket number CP-51-CR-00027334-2025 (2127 EDA 2024), the court imposed a consecutive term of three to eight years' imprisonment on the conviction for aggravated assault. The court also ordered Appellant to pay the agreed-upon restitution of $5,723.50. N.T. Sentencing, 2/2/24, 25.

Appellant filed a timely motion for reconsideration of sentence arguing that the court abused its discretion by ordering the terms to run consecutively because the two incidents were, "in essence, the result of one continuing intoxicated/psychotic episode." Appellant's Motion for Reconsideration of Sentence, 2/2/24, ¶¶ 2-3. The court denied the motion on March 4, 2024. *See* Order, 3/4/24.

Counsel for Appellant did not file a direct appeal at either docket. Instead, on June 20, 2024, Appellant, through counsel filed a petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. ("PCRA"), alleging the ineffective assistance of counsel for failing to file a requested appeal, and seeking reinstatement of the right to file a direct appeal. It argued further that the single claim preserved in Appellant's post-sentence reconsideration motion did not present "any possible claims that could be raised on appeal." Appellant's PCRA Petition, 6/20/24, ¶ 10. It therefore also requested the right to file new post-sentence motions. *Id.*, ¶¶ 12-13.

The trial court appointed new counsel. *See* Order, 6/28/24. New counsel filed an amended PCRA petition, alleging prior counsel's *per se* ineffective assistance in failing to file a direct appeal and requested reinstatement of appellate rights *nunc pro tunc*. *See* Appellant's Amended PCRA Petition, 7/12/24, 7. By order of the PCRA court, Appellant's direct appeal rights were reinstated *nunc pro tunc*. Order, 8/6/24.

Appellant's counsel filed timely notices of appeal *nunc pro tunc* in both dockets on August 7, 2024. The trial court ordered Appellant to file a concise

statement, pursuant to Pa.R.A.P. 1925, and Appellant complied. In addition, Appellant sought consolidation for disposition of the separately docketed appeals. *See* Appellant's Application to Consolidate, 10/21/24. This Court granted consolidation and designated appeal number 2127 EDA 2024 as the lead appeal. Superior Court Order, 11/18/24.

Appellant raises the following issue for our review:

Did the sentencing court abuse its discretion in sentencing Appellant to 18 to 36 years of incarceration with consecutive sentencing schemes for crimes essentially stemming from the same continuing episode when Appellant accepted responsibility for his actions, had an adverse reaction to narcotics, and when sentencing counsel objected to predicting Appellant's potential for dangerousness long into the future when academic studies have shown that older individuals pose a lesser threat of violence to the community and there was, thus, an overemphasis on protection of society rather than consideration of Appellant's potential for rehabilitation?

Appellant's Brief, 4.

In the single claim raised by Appellant, he challenges the exercise of the trial court's sentencing discretion. He requests the aggregate sentence of 18 to 36 years in prison be vacated and the matter be remanded for resentencing because the court did not properly weigh the sentencing factors. In particular, he contends that he "sincerely apologized for his actions and fully accepted responsibility," thereby saving "the trial court time and resources" by pleading guilty. Appellant's Brief, 13. But, according to his appellate argument, "the sentencing court engaged in a unitary focus on retribution and imposed an unjustified excessive sentence … with minimal consideration of [his]

background and genuine potential for rehabilitation." *Id.* We do not reach the questions Appellant raises about the court's exercise of its sentencing discretion. Instead, we conclude that only a limited portion of his appellate claim was preserved, and that portion does not present a substantial question for review.

Discretionary sentencing claims are not appealable as of right. *Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. An appellant must satisfy all four requirements.

*Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022) (internal citations omitted), *appeal denied*, 302 A.2d 626 (Pa. 2023). Appellant satisfied the first element by filing a timely appeal after his appellate rights were reinstated *nunc pro tunc*.

Appellant also filed a timely post-sentence motion for reconsideration of sentence that raised a challenge to the imposition of consecutive sentence terms. *See* Appellant's Motion for Reconsideration of Sentence, ¶¶ 2-3. The argument was predicated on an Appellant's alleged adverse reaction to

synthetic marijuana that supposedly yielded a singular continuing episode of intoxication or psychosis.[3]

"[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "As such, issues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings." *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003). "Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Id.* More specifically, an appellate discretionary sentencing claim must be raised in a manner that would "give the sentencing judge an opportunity to reconsider or modify his sentence on [that] basis." *Id.* "The purpose of requiring a party to object to a sentence after it is imposed, is to give the trial judge an opportunity to reconsider or modify the sentence imposed; failure to do so deprives the trial court of this chance." *Commonwealth v. Perzel*, 291 A.3d 38, 48 (Pa. Super.), *appeal denied*, 301 A.3d 426 (Pa. 2023).

---

[3] Further, Appellant posited that he "came to be unknowingly under the influence of some strain of a synthetic cannabinoid (commonly known as K2[)] that he smoked after he left his brothers" that morning, and suggested that "[p]erhaps he bought it on the way home or had it in his pocket from a previous buy." Appellant's Presentence Memorandum, 1/22/24, 2-5; N.T. Sentencing, 2/24/24, 16-20. Notably, the sentencing court in its opinion recognized that the argument was based on conjecture as Appellant had not "provided conclusive evidence that Appellant was indeed intoxicated or that narcotic caused his adverse reaction" or, for that matter that it was the adverse reaction that "caused Appellant to attack [the UPS truck driver] and kill[ his stepfather]." Trial Court Opinion, 9/12/24, 9-10.

At sentencing, Appellant objected to the Commonwealth's argument suggesting future dangerousness, but did not include that objection in his post-sentence motion as a basis for the court to reconsider its sentence and therefore waived the claim for appellate review. *See* N.T. Sentencing, 2/2/24, 22. Appellant also argued in writing prior to sentencing that he is "a serious, extremely remorseful young man" and "is taking his mental health and substance abuse very seriously." Appellant's Presentence Memorandum, 1/22/24, 5. He also presented factors that would support his ability to rehabilitate. *See id.*, Attachment (Psychosocial History dated 9/28/23). In his allocution, Appellant expressed his sorrow for putting his family, which was also the murder victim's family, "through so much pain and suffering." N.T. Sentencing, 2/24/24, 21. However, Appellant did not suggest in his post-sentence motion that the sentencing court should reconsider any of his mitigation evidence. Therefore, none of these additional arguments were preserved for appellate review. *Perzel*, 291 A.3d at 48; *Mann*, 820 A.2d at 794.

Our next task is to determine whether the single preserved claim raised by Appellant, his challenge to the consecutive terms of sentence, sets forth a substantial question by examining his Rule 2119(f) statement in his brief. We make the determination on a case-by-case basis. *Commonwealth v. Crawford*, 257 A.3d 75, 78 (Pa. Super. 2021). "We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists." *Id.* at 78-79 (*quoting*

*Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018))

(brackets omitted).

Appellant alleges that the aggregate term of 18 to 36 years' incarceration is "excessive." Appellant's Brief, 9. Appellant also argues:

> While punishment in the form of retribution was warranted, there was an excessive and unitary consideration for retribution. Appellant received consecutive sentences on multiple counts. This is also indicative of a rigid, solitary focus on retribution. … Such an over-emphasis on retribution and protection of society, ignores potential for rehabilitation. … [T]he lengthy homicide sentence, imposed without adequate justification, goes beyond that required to protect the public because a lesser sentence would potentially lead to earlier parole when Appellant would be older and pose limited, if any, threat to the public. … The near maximum sentence for murder in the third-degree, even if a guideline sentence, was excessive.

Appellant's Brief, 19-11. Because the only preserved claim for review is whether the court abused its discretion by imposing consecutive terms, Appellant's reliance on unpreserved mitigation and/or balancing of factor arguments is unreviewable. We therefore examine only whether the claim that the aggregate term of 18 to 36 years' imprisonment is excessive raises a substantial question warranting review. We find it is not for the following reasons.

A substantial question is presented where:

> … an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm.

*Commonwealth v. Mastromarino*, 2 A.3d 581, 585–586 (Pa. Super. 2010) (*quoting* *Commonwealth v. Bullock*, 948 A.2d 818, 826 n.6 (Pa. Super. 2008)) (citation omitted).

Appellant's excessiveness claim based on the imposition of consecutive sentences generally does not raise a substantial question for review.[4] *See*, *e.g.*, *Commonwealth v. Ahmad*, 961 A.2d 884, 887 n.7 (Pa. Super. 2008); *Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. 2008). "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010).

The "key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Mastromarino*, 2 A.3d at 587; *see also*

_____

[4] Appellant's unpreserved allegation that the court failed to give adequate weight to his mitigation evidence also would not raise a substantial question. *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013). *See Commonwealth v. Sexton*, 222 A.3d 405, 422 (Pa. Super. 2019) (noting that "given our deferential standard of review when considering a challenge to the discretionary aspects of sentencing, it would be inappropriate for us to second-guess the trial court's weighing of [mitigating] factors"). In contrast, we have held that a combined argument that a sentencing court imposed an excessive sentence and failed to consider a defendant's rehabilitative needs raises a substantial question. *See, e.g., Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015). We are unable to find a substantial question here because, as addressed above, Appellant did not preserve for review any claim concerning the sentencing court's alleged failure to consider mitigating factors.

***Moury***, 992 A.2d at 171–72 (only "unduly harsh" aggregate term "considering the nature of the crimes," raises a substantial question).

After our review, we conclude that an aggregate term of 18 to 36 years' incarceration for violent, physical attacks on two victims, resulting in convictions for murder of the third degree and aggravated assault is neither "grossly disparate" to Appellant's conduct nor does it "viscerally appear as patently unreasonable." ***See Mastromarino***, 2 A.3d at 589.

Because there were two victims of Appellant's violence, even if we were to find, contrary to the sentencing court, that Appellant's theory of intoxication or psychosis was established fact and there had been only one criminal incident as a result of that psychosis, we still would not find consecutive sentence terms excessive or grossly disparate in this matter. Appellant fails to raise a substantial question where he "is seeking a further 'volume discount' because the crimes occurred during one criminal enterprise." ***Mastromarino***, 2 A.3d at 589; ***see also Commonwealth v. Morrobel***, 311 A.3d 1153, 1157 (Pa. Super. 2024) (holding that an aggregate sentence of 16 to 32 years' imprisonment was not on its face excessive in light of criminal conduct at issue, the straw-purchase of 40 firearms, and therefore failed to raise a substantial question); ***Commonwealth v. Radecki***, 180 A.3d 441, 469-470 (Pa. Super. 2018) (neither running nine terms of imprisonment for sexual misconduct consecutively where there were nine victims, nor running three additional convictions consecutively where they related to his scheme to assault the victims, raises a substantial question); ***Commonwealth v. Zirkle***,

107 A.3d 127, 134 (Pa. Super. 2014) (holding that a 17-year-and-one-month aggregate term of imprisonment, "may seem harsh at first blush," but in light of three burglary convictions and other related charges, it did not raise a substantial question warranting review). Therefore, on the one challenge to the trial court's sentencing discretion preserved for review, we conclude that Appellant fails to raise a substantial question. We therefore decline to grant review of the merits of his sentencing claim. Accordingly, we affirm the judgments of sentence.

Judgments of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/27/2025