J-S34024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVE DWAYNE HUNTER | : | |
| | : | |
| Appellant | : | No. 150 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001603-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVE DWAYNE HUNTER | : | |
| | : | |
| Appellant | : | No. 680 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003710-2023

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: OCTOBER 31, 2025**

Dave Dwayne Hunter ("Hunter") appeals from the judgment of sentence

imposed following his open guilty plea to, *inter alia*, possession and possession

with intent to deliver ("PWID") fentanyl and cocaine, delivery of cocaine, and drug delivery resulting in death ("DDRD").[1]

Hunter delivered drugs to Parker Slaugh ("Mr. Slaugh"), a twenty-one-year-old man, resulting in Mr. Slaugh's death. In December 2024, Hunter entered into a plea to the above-listed charges. Hunter waived a presentence investigation, and the court imposed an aggregate term of incarceration of seven-to-twenty years that same day. The sentence for DDRD was imposed consecutive to PWID, and the PWID counts were run concurrently to one another. *See* N.T., 12/5/24, at 20-25. Hunter filed a post-sentence motion for modification of sentence, which the court denied in January 2025. Hunter filed a timely notice of appeal, and he and the trial court complied with Pa.R.A.P. 1925.

Hunter raises the following issue for our review:

Whether the imposition of consecutive sentences created a substantial question where the sentencing court failed to adequately consider the sentencing factors for total confinement and where the sentencing court abused its discretion in sentencing [Hunter] to an aggregate sentence of [seven] to [twenty] years in a state correctional facility[?]

Hunter's Brief at 4 (unnecessary capitalization and underlining omitted).

_____

[1] *See* 35 Pa.C.S.A. § 780-113, 18 Pa.C.S.A. § 2506. The charges against Hunter arose from multiple, unrelated transactions over the course of several years charged on eight different dockets. The offenses to which he pled guilty included separate charges of PWID of approximately forty-five, eleven, seven and five grams of cocaine, respectively, and PWID of .6 grams of fentanyl.

Our standard of review for challenges to the discretionary aspects of sentencing is well settled:

> [S]entencing is vested in the discretion of the trial court[] and will not be disturbed absent a manifest abuse of that discretion[, which] involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

*Commonwealth v. Brown*, 249 A.3d 1206, 1211 (Pa. Super. 2021) (citation omitted).

Further, this Court has explained challenges to the discretionary aspects of sentencing are not appealable as of right; rather,

> an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Padilla-Vargas*, 204 A.3d 971, 975 (Pa. Super. 2019) (citation omitted; brackets in original); *see also* 42 Pa.C.S.A. § 9781(b).

> A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process.

*Brown*, 249 A.3d at 1211 (citation omitted). "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Crawford*, 257 A.3d 75, 78 (Pa. Super.

2021) (citation omitted). An appellate court will not lightly disturb the trial court's sentencing judgment as the judge is in the best position to "review the defendant's character, defiance or indifference, and the overall nature of the crime." ***Commonwealth v. Conte***, 198 A.3d 1169, 1177 (Pa. Super. 2018) (internal citation and quotations omitted). Sentencing courts are afforded discretion to impose concurrent or consecutive sentences. ***See Commonwealth v. Aulisio***, 253 A.3d 338, 343 (Pa. Super. 2021).

Before we can address the merits of Hunter's issue, we must determine whether he has preserved his challenge to the discretionary aspects of his sentence and properly invoked this Court's jurisdiction. Hunter timely appealed. His brief includes a Pa.R.A.P. 2119(f) concise statement. ***See*** Hunter's Brief at 8-9. Hunter asserts in his Rule 2119(f) statement that "the imposition of consecutive sentences created a substantial question where the [trial] court failed to adequately consider the sentencing factors for total confinement and . . . abused its discretion in sentencing [Hunter] to an aggregate sentence of [seven] to [twenty] years in a state correctional facility." Hunter's Brief at 8 (capitalization and underlining eliminated).

Although Hunter filed a timely post-sentence motion to modify sentence, that motion did not assert Hunter's sentence was excessive due to the failure to weigh mitigating factors. ***See*** Amended Motion to Modify Sentence, 12/16/24, at 1-2 (incorrectly numbered in original). Instead, Hunter argued

- 4 -

only that "modification of sentence is warranted given his guilty plea . . . [and] the fact [Hunter] had no prior criminal record." ***Id***.

An appellant waives a challenge to the discretionary aspects of sentence not raised in a post-sentence motion; he may not raise it for the first time on appeal. ***See Commonwealth v. Bradley***, 237 A.3d 1131, 1138-39 (Pa. Super. 2020) (finding claim waived where appellant did not raise it in a post-sentence motion). Hunter did not assert he received an excessive sentence or the failure to adequately weigh mitigating factors in his post-sentence motion; thus, he waived those claims. ***See*** Amended Motion to Modify Sentence, 12/16/24, at 1-2 (incorrectly numbered in original); ***Commonwealth v. Coleman***, 19 A.3d 1111, 1118-19 (Pa. Super. 2011); ***see also*** Pa.R.A.P. 302(a). Because Hunter did not raise the specific challenge raised in the instant appeal in his post-sentence motion, he failed to preserve it for appellate review.[2]

---

[2] Even if Hunter's claim were reviewable, it would lack merit. When a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code. ***See Commonwealth v. Walls***, 926 A.2d 957, 963 (Pa. 2007); ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010). The three PWID charges—served concurrently to each other and consecutively to DDRD—were seven and five grams of cocaine, respectively, and .6 grams of fentanyl. PWID of an amount of cocaine between 5 and 10 grams carries a six-to-fourteen-month minimum standard range sentence with a statutory maximum of one-hundred-twenty-months, i.e., ten years. ***See*** 204 Pa. Code 303.15, 303.16(a). PWID of less than one gram of fentanyl carries a nine-to-sixteen-month standard range minimum sentence and a statutory maximum of one-hundred-eighty-months, i.e., fifteen years. ***See id***. DDRD carries a sixty-to-seventy-eight-month minimum
*(Footnote Continued Next Page)*

Additionally, Hunter's claim regarding consecutive sentences fails to state a substantial question. This Court has recognized "excessiveness claims premised on imposition of consecutive sentences do not raise a substantial question for our review." **Commonwealth v. Radecki**, 180 A.3d 441, 468 (Pa. Super. 2018). Nevertheless, each case raising this issue is to be considered individually and question "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be[] an excessive level in light of the criminal conduct at issue . . . ." **See Commonwealth v. Morrobel**, 311 A.3d 1153, 1157 (Pa. Super. 2024) (citation omitted). We do not find the aggregate sentence of seven-to-twenty years of imprisonment to be excessive in light of Hunter's delivery of drugs to a twenty-one-year-old, who died as a result, and his receipt of concurrent sentences for more than a dozen other crimes including possession of a substantial amount of cocaine. Therefore, there is no substantial question, and Hunter has not preserved his challenge to the discretionary aspects of sentencing.

Even if Hunter had raised a substantial question for this Court's consideration, we would find no abuse of discretion. "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or

---

standard range sentence with a statutory maximum of four-hundred-eight months, i.e., forty years. **See id**. Hunter's sentence falls within the standard range for each of these charges.

consecutively to other sentences[.]" ***Radecki***, 180 A.3d at 470 (citation omitted). We will not disturb consecutive sentences "unless the aggregate sentence is 'grossly disparate' to the defendant's conduct[] or viscerally appear[s] as patently unreasonable." ***Commonwealth v. Bankes***, 286 A.3d 1302, 1310 (Pa. Super. 2022) (citation and some internal quotation marks omitted). Hunter's seven-to-twenty-year sentence for DDRD and PWID was not grossly disparate to his conduct; his actions caused the death of a twenty-one-year-old person, and he had a litany of other drug convictions. ***See Commonwealth v. Heisey***, No. 1242 MDA 2019, 2021 WL 615248, at *5 (unpublished memorandum) (Pa. Super. Feb. 17, 2021) (finding no abuse of discretion in the imposition of consecutive sentences for conspiracy and DDRD, when the court considered mitigating factors and balanced those factors with potential for rehabilitation, responsibility, and need for deterrence, and rejecting an excessiveness challenge to an aggregate sentence of fourteen-to-thirty years for those offenses).[3] Thus, Hunter's discretionary sentence claim is not only waived but meritless.

---

[3] Pursuant to Pa. R.A.P. 126(b), we may rely on unpublished memorandum issued after May 1, 2019, for their persuasive value.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/31/2025