J-S01009-24

2024 PA Super 35

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EMMANUEL MORROBEL | : | |
| | : | |
| Appellant | : | No. 1703 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 7, 2022
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0003298-2021

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.*

OPINION BY PANELLA, P.J.E.:                    **FILED: MARCH 1, 2024**

Emmanuel Morrobel appeals from the judgment of sentence imposed following his conviction of ten counts of sale or transfer of firearms. Morrobel claims the trial court imposed a manifestly excessive sentence. We affirm.

The Commonwealth charged Morrobel on August 25, 2021, by way of criminal complaint, with a total of 80 counts of sale or transfer of firearms under two different subsections, plus forty counts each of unsworn falsification to authorities, and tampering with public records or information.[1] These charges were reduced when the criminal information was filed. On December 6, 2021, the Commonwealth filed the criminal information charging Morrobel

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6111(g)(2), 6111(g)(4)(ii), 4904(b), and 4911(a)(1), respectively.

with 21 counts each of sale or transfer of firearms under subsection 6111(g)(4)(ii) and sale or transfer of firearms under subsection 6111(g)(2) and 20 counts each of unsworn falsification to authorities and tampering with public records or information. All charges were based on Morrobel's purchasing of 40 firearms for other people, often referred to as straw purchasing.

On April 11, 2022, Morrobel pled guilty to counts 1 through 10 of the information, with the agreement that the Commonwealth would amend counts 2 through 5 to felonies of the third degree.[2] There was no agreement as to sentence, except that the Commonwealth did indicate it was seeking the mandatory minimum sentence of five years for counts 6 through 10, pursuant to 18 Pa.C.S.A. § 6111(h). On July 7, 2022, Morrobel was sentenced to an aggregate term of imprisonment of 16 to 32 years. Specifically, the court sentenced him to 12 to 24 months' imprisonment on count 1, sale or transfer of firearms graded as a felony of the third degree, with consecutive terms of 60-120 months' imprisonment on three charges of sale or transfer of firearms graded as felonies of the second degree. All other sentences were to run concurrently. **See** N.T. Sentencing, 7/7/22, at 18.

Morrobel avers that his sentence is manifestly excessive due to the consecutive nature of the sentences and alleges the court failed to consider

---

[2] The original information only had count 1 graded as a felony of the third degree. Counts 2 through 10 were all graded as felonies of the second degree.

Morrobel's characteristics, specifically, his age, lack of a criminal record, employment history, and rehabilitative needs. *See* Appellant's Brief, at 13. This is a challenge to the discretionary aspects of sentencing. Such an appeal is not absolute; Morrobel must meet the standards for permission to appeal. *See Commonwealth v. Swope*, 123 A.3d 333, 337 (Pa. Super. 2015); *Commonwealth v. Hoag*, 665 A.2d 1212, 1213 (Pa. Super. 1995).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Swope*, 123 A.2d at 337 (citation omitted).

Morrobel has met his procedural requirements of filing a timely notice of appeal, raising his issue with the trial court in a motion to modify sentence, and including a Rule 2119(f) statement. Therefore, we must consider whether Morrobel's statement raises a substantial question. *See id.*

> [T]he appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits.

***Commonwealth v. Hill***, 66 A.3d 359, 363-64 (Pa. Super. 2013) (citations omitted) (emphases omitted).

Morrobel concedes that his individual sentences were within the guideline ranges but alleges that running some counts consecutively made the overall sentence manifestly excessive. "The general rule in Pennsylvania is that in imposing a sentence, the court has discretion whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed." ***Commonwealth v. Graham***, 661 A.2d 1367, 1373 (Pa. 1995). That has led to the standard that in most cases, "the court's exercise of discretion in imposing consecutive as opposed to concurrent sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal." ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 598 (Pa. Super. 2010). However, each case is to be looked at individually and "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Id.*** at 598-99.

Here, the aggregate sentence of 16 to 32 years' imprisonment does not appear on its face to be excessive in light of the criminal conduct at issue, specifically, straw-purchasing 40 firearms. Morrobel admitted to police that he knew he was providing firearms to people who could not lawfully possess them. This was not a one-time purchase of multiple firearms. This occurred

over an 11-month period. **See** Appellant's Brief, at 4. Morrobel purchased firearms on multiple occasions and would charge his customer double what the firearm cost Morrobel. **See** N.T. Sentencing, 7/7/22, at 5. Therefore, Morrobel's issue regarding the imposition of consecutive sentences fails to raise a substantial question.

Morrobel also alleges, however, that the court violated the Sentencing Code by failing to consider his individual circumstances. **See** Appellant's Brief, at 13. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question." **Swope**, 123 A.3d at 339 (internal citations omitted). This Court continued in **Swope**, though, and explained that "prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court 'failed to consider' or 'failed to adequately consider' sentencing factors has been less than a model of clarity and consistency." **Id.** (internal citations omitted). The same can be said for this Courts prior decisions regarding consecutive sentences. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013). Notably, though, this Court has held that the two claims raised in conjunction with each other has raised a substantial question. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (finding a substantial question was presented where Appellant challenged "the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs… ."). As the

Commonwealth has conceded that Morrobel established jurisdiction, we find he has raised a substantial question and address the merits of his claims. **See** Appellee's Brief, at 12.

Our review is well-settled; a challenge to the discretionary aspects of sentencing is reviewed for an abuse of discretion. **See Commonwealth v. Seagraves**, 103 A.3d 839, 842 (Pa. Super. 2014). We are also guided by the statutory mandate of section 9781(c):

> (c) Determination on appeal.--The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c). Subsection 9781(c)(2) applies here, as Morrobel was sentenced within the sentencing guidelines. Morrobel must show that application of the guidelines would be clearly unreasonable. In making this determination, we consider: "(1) [t]he nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) [t]he opportunity of the sentencing court to observe the defendant, including any presentence investigation[;] (3) [t]he findings upon which the sentence was

- 6 -

based[; and] (4) [t]he guidelines promulgated by the commission." 42 Pa.C.S.A. § 9781(d).

We are mindful that the "[t]he sentencer has broad discretion to choose a penalty from sentencing alternatives and the range of permissible confinements, provided the choices are consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Commonwealth v. Devers*, 546 A.2d 12, 13 (Pa. 1988). We will presume the sentencing court was aware of the relevant information concerning Morrobel's character and history, as the court had the benefit of a pre-sentence investigation. *See Seagraves*, 103 A.3d at 842 (Pa. Super. 2014); *Devers*, 546 A.2d at 18 (re-affirming that when the court has a pre-sentence investigation, we presume "the sentencing judge was aware of the relevant information regarding the defendant's character[.]… It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.").

Morrobel believes that the court imposed an excessive sentence, because in running four counts out of ten consecutively the court did not consider the mitigating factors of his age, lack of criminal record, employment history, and rehabilitative needs. We disagree.

A review of the sentencing hearing shows that the court was aware of the PSI and reviewed it. Immediately, the court questioned the accuracy of the PSI as the court was aware the Commonwealth was seeking the

mandatory sentence of five years for counts 6 through 10, but the PSI noted the guideline ranges for those counts were 12 to 24 months. *See* N.T. Sentencing, 7/7/22, at 2-3.

The court was aware the guideline ranges for counts 1 through 5 were 9 to 16 months. *See id.* at 3. The first 5 counts were each sentenced within the guideline ranges, and all ran concurrent to each other. The court then imposed the mandatory sentence on counts 6 through 10, 5 to 10 years imprisonment. *See* 18 Pa.C.S.A. § 6111(h). The court ran counts 1, 6, 7, and 8 consecutive to each other for the aggregate sentence of 16 to 32 years imprisonment. *See* N.T. Sentencing, 7/7/22, at 18-19. The court was concerned, rightfully so, that Morrobel admitted to purchasing 40 firearms for other people, people he knew could not purchase firearms for themselves. *See id.* at 18. Morrobel admitted he sold the firearms solely for profit; there was no other reason behind his scheme. *See id.* at 16 (defense counsel stated "He did it for profit. I wish I could sit here and say that there was a mental health issue or a drug issue behind it.").

The above facts reflect that the court showed it was aware of and considered the PSI, the guideline ranges for each offense, and the seriousness of the crimes Morrobel committed. The court was justifiably concerned that there were more firearms on the street because of Morrobel. The court imposed a sentence that considered Morrobel's history and character, the gravity of the offenses, and the need to protect the community. *See* 42 Pa.

C.S.A. § 9781(d); ***Devers***, 546 A.2d at 13, 18. The court considered the required factors and Morrobel now is asking this court to give more weight to the mitigating factors than the trial court did, which we decline to do. ***See Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009) ("We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court."). Therefore, we conclude that the trial court properly exercised its discretion in sentencing Morrobel where it considered all mitigating factors and the consecutive terms of imprisonment did not result in a manifestly unreasonable sentence.

Finally, we note that Morrobel claims the court considered improper evidence provided by Detective Palka at sentencing. ***See*** Appellant's Brief, at 23. Detective Palka testified at the sentencing hearing and explained that police only located 16 of the 40 firearms Morrobel admitted to purchasing for other people. ***See*** N.T. Sentencing, 7/7/22, at 4-9. Detective Palka was not able to discuss 7 of those 16 firearms, as there was an ongoing investigation regarding them. ***See id.*** at 6-7. Detective Palka explained how police recovered each of the remaining 9 firearms. ***See id.*** at 7-8. All 9 of them were linked back to Morrobel. Certainly, this evidence was relevant for the court to consider in imposing its sentence. ***See Commonwealth v. Bowens***, 265 A.3d 730, 764 (Pa. Super. 2021) (reaffirming the proposition that a sentencing court may consider relevant evidence so long as the evidence is not unreliable,

does not affect the court's impartiality, and is fair to hold against the defendant).

After Detective Palka recounted where the 9 firearms purchased by Morrobel were recovered, he recited a few notable cases of straw-purchased firearms and the damage caused by those firearms. *See* N.T. Sentencing, 7/7/22, at 9-10 (referencing the Columbine High School mass shooting and the murder of Officer Bradley Fox, the precipitating crime which created the Brad Fox law which now mandates 5 years minimum for second or subsequent violations of 18 Pa.C.S.A. § 6111). This evidence was relevant as 24 of the 40 firearms Morrobel purchased have not been recovered and could be used in any number of violent offenses. Detective Palka's statement was not unreliable nor was it unfair to hold against Morrobel, who was aware he was purchasing firearms for people who could not purchase them themselves. *See id.* at 5, 16; *Bowens*, 265 A.3d at 764. Accordingly, this argument lacks merit.

Therefore, for all of the above reasons, Morrobel's challenge to the discretionary aspects of his sentence lacks merit.

Judgment of Sentence Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>03/01/2024</u>