J-S26006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK EDWARD SVITAK | : | |
| | : | |
| Appellant | : | No. 1653 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 3, 2023
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000151-2023

BEFORE: PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: SEPTEMBER 24, 2024**

Frank Edward Svitak appeals from the judgment of sentence imposed in the Cumberland County Court of Common Pleas on October 3, 2023, after his open guilty plea to one count of possession of child pornography, pursuant to 18 Pa.C.S. § 6312(d). Svitak challenges the discretionary aspects of his standard range sentence. After careful review, we affirm.

Between October 29, 2022, and November 1, 2022, the National Center for Missing and Exploited Children ("NCMEC") received three complaints from Google regarding alleged child pornography being accessed through their search engine. The complaints were forwarded to the PA Internet Crimes Against Children Task Force ("ICAC") for further investigation. ICAC was able to pinpoint the location of the device within Cumberland County and forwarded the investigation to Cumberland County Detective Gordon R. Goodrow.

Detective Goodrow's investigation led to an IP address accessed at Svitak's residence and at an address matched to a minor whom Svitak babysat. The police executed a search warrant at Svitak's residence, recovering a computer and multiple USB drives.

Svitak agreed to participate in Detective Goodrow's interview, during which Svitak admitted the recovered devices would contain child pornography. The devices actually contained 111 images and videos of child pornography, including an image of the 8-year-old child Svitak babysat. Svitak admitted he had only been looking at child pornography for approximately 6 to 8 months, and that he found it fascinating.

Subsequently, Svitak was charged with 111 counts of second-degree felony sexual abuse of children (child pornography) and one count of felony 3 criminal use of a communication facility, 18 Pa.C.S.A. § 7512(a). Svitak entered an open guilty plea to one consolidated count of felony 2 sexual abuse of children (child pornography) in satisfaction of all charges.

The Sexual Offenders Assessment Board ("SOAB") determined Svitak was not a sexually violent predator, but Svitak still was required to register as a Tier 1 SORNA offender. At the sentencing hearing, defense counsel advised the court that Svitak has medical issues, including "diastolic heart failure, COPD, [and] severe sleep apnea," that Svitak suffered a heart attack in 2021, and he was diagnosed with "Afib" since being at the prison. N.T. Sentencing, 10/3/23, at 8. After consideration of the parties' testimony, Svitak's medical

condition, a Post Sentence Investigation ("PSI"), the facts of the case, and the guidelines, including the applicable sentencing enhancement,[1] the court sentenced Svitak to a term of 2 to 4 years' incarceration in a state correctional institution.

Svitak filed a timely post-sentence motion in which he argued the trial court should reconsider his sentence because his medical needs would be better accommodated in a county prison. The court denied the motion. Svitak timely appealed.

Svitak raises one issue for this Court's review:

> Did the court err when sentencing [Svitak] to a standard range sentence at a state correctional institution, having provided inadequate reasons on the record, while failing to consider mitigation in the form of a serious medical condition?

Appellant's Brief, at 6.

Svitak challenges the discretionary aspects of his sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Commonwealth v. Conte*, 198 A.3d 1169, 1173 (Pa. Super. 2018) (internal citations and quotation marks

---

[1] Pursuant to the sentencing enhancement applicable when the "offender violated [18] Pa.C.S.[A.] § 6312" and "possessed more than 50 images," the standard range of the minimum sentence is increased to 22 to 36 months' incarceration. 204 Pa.C.S.A. § 303.10(e).

omitted). When an appellant challenges the discretionary aspects of a sentence, we must determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Id.* (citation omitted).

Instantly, Svitak filed a timely notice of appeal and included a Rule 2119(f) statement in his brief. However, although Svitak filed a post-sentence motion, he did not raise his argument that the court abused its discretion by providing inadequate reasoning for the imposition of the sentence imposed. *See* Post Sentence Motions, 10/12/23, at ¶¶ 1-13. Therefore, this claim is not preserved for our review. *See Conte*, 198 A.3d at 1173.[2]

---

[2] In his brief, Svitak claims more specifically that the court provided inadequate reasoning because it relied on uncharged conduct in sentencing. *See* Appellant's Brief, at 10, 12, 14-16. However, not only did Svitak fail to include any inadequate reasoning claim in his post-sentence motion, but he also failed to include this claim in his Rule 1925(b) statement of errors complained of on appeal. *See* Rule 1925(b) Statement, at 1 (single page document). Therefore, any claim related to the court's alleged inadequate reasoning and consideration of uncharged conduct is waived for this reason as well. *See Commonwealth v. Arnold*, 284 A.3d 1262, 1278 (Pa. Super. 2022) ("It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review.") (citations omitted); *see also* Pa.R.A.P. 1925(b)(4)(vii).

Hence, we consider only whether Svitak's claim the trial court abused its discretion by failing to consider Svitak's medical condition when imposing his judgment of sentence raises a substantial question.

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (internal quotation marks and citation omitted). The claim that the court failed to consider Svitak's "serious medical conditions" when imposing his sentence fails to raise a substantial question. Appellant's Brief, at 12; *see Commonwealth v. Morrobel*, 311 A.3d 1153, 1157 (Pa. Super. 2024) ("[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question.") (citation omitted).

Moreover, even if Svitak raised a substantial question, he would not be due any relief. We review a discretionary aspects of sentence claim for an abuse of discretion and are guided by section 9781(c), which provides:

(c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

- 5 -

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c). Because Svitak challenges his guideline range sentence, section 9781(c)(2) applies here. Therefore, Svitak has the burden of proving that the application of the guidelines was clearly unreasonable. We must consider: "(1) [t]he nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) [t]he opportunity of the sentencing court to observe the defendant, including any presentence investigation[;] (3) [t]he findings upon which the sentence was based[; and] (4) [t]he guidelines promulgated by the commission." 42 Pa.C.S.A. § 9781(d).

We are mindful of the well settled principle that the "[t]he sentencer has broad discretion to choose a penalty from sentencing alternatives and the range of permissible confinements, provided the choices are consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Morrobel*, 311 A.3d at 1158 (citation omitted). Where a trial court had the benefit of a PSI, we "presume the [] court was aware of the relevant information concerning [the defendant]'s character and history. *Id.* (citations omitted).

Instantly, Svitak conceded the court sentenced him "near the bottom of the standard range." Post-Sentence Motion, 10/12/23, at ¶ 4. Nonetheless, he maintains the court abused its discretion because if it had given his medical

conditions proper weight, it would have sentenced him to a lesser term of incarceration so he could serve his sentence in the county prison. We disagree. The court explains:

> Here, with the benefit of a PSI, this court imposed a standard range sentence of incarceration upon [Svitak]. Notably, for a first offense conviction of sexual abuse of children (possess pornography), where there was indecent contact depicted, the depictions involved minors under the age of 13, and the sentencing enhancement as described in 204 Pa.Code § 303.10(e) was applied, the standard range of incarceration would run from [22] to [36] months at minimum. [Svitak] received a sentence of [24] to [48] months of incarceration in a state correctional institution, which falls squarely in the standard range of the sentencing guidelines.
>
> Further, as noted in [Svitak]'s post-sentence motion, this court did consider the mitigating factors present, notably [Svitak]'s medical condition, when fashioning the sentence imposed. [**See** Svitak's Post Sentence Motion, 10/12/23, at ¶ 3 (stating, "In fashioning a sentence, the court noted it wished to balance [] Svitak's medical conditions with the court's concerns surrounding the circumstances of [] Svitak's actions.").] …
>
> At sentencing, [the] court considered the arguments made on [Svitak]'s behalf by his counsel, including the fact that [Svitak] was experiencing significant medical problems, and the fact that [Svitak] had no prior criminal history. Those factors weighed in favor of mitigation, as they tended to indicate that [Svitak] would be at a lower risk of reoffending after his release from prison. However, weighed against those mitigating factors were the significant quantity of child pornography that [Svitak] possessed, the fact that [Svitak] captured and saved photographs of a child he babysat solely because they represented an opportunity for him to look at that child's groin area, and the fact that Svitak admitted to accessing child pornography as recently as the day before his arrest. In addition, [Svitak] stated that he began accessing child pornography only a few months before his arrest.
>
> Based on those facts, [the] court had significant concerns regarding the protection of the public, the impact of the offense on the victims and the community, and the rehabilitative needs of

[Svitak]. Here, in the space of approximately six to eight months, [Svitak]'s interest in child pornography rapidly escalated from an idle curiosity that developed during his internet searches for "regular porn," to routinely viewing pornographic videos and images depicting children, to actively taking photographs of a minor that he babysat so that he could savor photographs depicting the child in her underwear at his convenience and leisure. Those facts, when balanced against the mitigation … led the [trial court] to conclude that a standard range sentence of incarceration was appropriate to ensure that the public was adequately protected, that the impact of [Svitak]'s actions on the victims and the community was appropriately addressed, and that [Svitak] would have sufficient opportunity to take advantage of rehabilitative services, both in prison and, potentially, under supervision while on parole.

Trial Court Opinion, 1/2/24, at 7-9 (footnotes and unnecessary capitalization omitted). We discern no abuse of discretion. Svitak has failed to establish that the imposition of a guideline sentence is unreasonable. The court considered the protection of the public, the impact of the offense on the victims and the community, and Svitak's rehabilitative needs. It provided its reasons for the sentence that reflect it considered the sentencing guidelines, the circumstances and nature of the offense, and Svitak's PSI.

Therefore, even if Svitak raised a substantial question, his issue would not merit relief.[3]

---

[3] We also note that, although Svitak's claims that the court failed to explain its reasons for the sentence and it considered impermissible factors are waived, they would not merit any relief. The court clearly explained its reasons for the sentence and, although it did mention Svitak's uncharged conduct in taking pictures of the child whom he babysat, the court's sentence was reasonable considering Svitak was charged with possession of 111 pornographic pictures of children under the age of 13 that Svitak had procured in only 6 to 8 months.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/24/2024