**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAREEM ALLEN SHELTON | : | |
| | : | |
| Appellant | : | No. 1565 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 29, 2024
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002326-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAREEM ALLEN SHELTON | : | |
| | : | |
| Appellant | : | No. 1566 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 29, 2024
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002327-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KAREEM ALLEN SHELTON | : | |
| | : | |
| Appellant | : | No. 1567 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 29, 2024
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002328-2023

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.:    **FILED: DECEMBER 29, 2025**

Kareem Allen Shelton appeals from the judgment of sentence imposed on July 29, 2024, for his convictions of three counts of aggravated indecent assault of a child.[1] Shelton's counsel has filed an application to withdraw along with a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), ("***Anders*** brief"). We grant counsel's petition to withdraw as counsel and affirm the judgment of sentence.

The trial court set forth the relevant factual and procedural history:

> [Shelton's] cases docketed to 2023 CR 2326 and 2023 CR 2327, stem from an incident that occurred on January 1, 2021, wherein the Commonwealth alleged that [Shelton] sexually assaulted two minor children, D.S., a seven-year-old child, and R.Y., a twelve-year-old child. As it relates to 2023 CR 2326, the Commonwealth, via criminal information, charged [Shelton] with the following offenses: rape of a child, in violation of 18 Pa.C.S.A. § 3121(c); involuntary deviate sexual intercourse with a child, in violation of 18 Pa.C.S.A. § [3123](b); aggravated indecent assault of a child, in violation of 18 Pa.C.S.A. § 3125(b)[;] two (2) counts of indecent assault—person less than 13 years, in violation of 18 Pa.C.S.A. § 3126(a)(7)[;] and two (2) counts of corruption of minors—defendant age 18 or above, in violation of 18 Pa.C.S.A. § 6301(a)(1)(ii).

> As it relates to [Shelton's] case docketed to 2023 CR 2327, the Commonwealth via criminal information, charged [Shelton] with the following offenses: two (2) counts of aggravated indecent assault of a child, in violation of 18 Pa.C.S.A. § 3125(b)[;] one (1) count of indecent assault—person less than 13 years, [in violation of] 18 Pa.C.S.A. § 3126(a)(7)[;] and one (1) count of corruption of minors—defendant age 18 or above, in violation of 18 Pa.C.S.A. § 6301(a)(1)(ii).

---

[1] 18 Pa.C.S.A. § 3125(b).

As it relates to [Shelton's] case docketed to 2023 CR 2328, the Commonwealth filed charges against [Shelton] for conduct that took place [between] January 1, 2015 and January 1, 2016, wherein the Commonwealth alleged that [Shelton] sexually assaulted K.H., a fourteen-year-old child. The Commonwealth charged [Shelton] with one count each of aggravated indecent assault of a child, in violation of 18 Pa.C.S.A. § 3125(b) and indecent assault—person less than 13 years, [in violation of] 18 Pa.C.S.A. § 3126(a)(7). It should be noted that K.H. was fourteen (14) years of age at the time she disclosed the underlying incident, but indicated that the said incident took place at a time when she was between six (6) and eight (8) years of age.

On October 20, 2023, [Shelton] waived his right to a preliminary hearing related to all three of the above-captioned matters. On April 15, 2024, [Shelton] entered a plea of guilty to the following: 2023 CR 2326—count 3, aggravated indecent assault of a child; 2023 CR 2327—count 1, aggravated indecent assault of a child; 2023 CR 2328—count 1, aggravated indecent assault of a child.

On July 29, 2024, [the trial court] held a sentencing hearing, wherein [Shelton] stipulated to the Sexual Offenders Assessment Board report finding that [Shelton] met the criteria to be [] deemed a Sexually Violent Predator (SVP). On that same date, [the trial court] imposed the following sentence upon [Shelton]:

> 2023 CR 2326:
>
> Aggravated indecent assault of a child: one hundred fourteen (114) months to two hundred forty (240) months incarceration;
>
> 2023 CR 2327:
>
> Aggravated indecent assault of a child: one hundred fourteen (114) months to two hundred forty (240) months incarceration;
>
> 2023 CR 2328:
>
> Aggravated indecent assault of a child: one hundred fourteen (114) months to two hundred forty (240) months incarceration.

[The trial court] imposed consecutive sentences within the aggravated guideline range, which created an aggregate sentence of three hundred forty two (342) months to seven hundred twenty (720) months incarceration, and deemed [Shelton] to be a SVP. Additionally, upon imposing the above-mentioned sentence, [the trial court] stated the following in regard to its decision to impose an aggravated sentence upon [Shelton]:

> The court, in reviewing the file and all the facts surrounding it, finds that there are aggravating circumstances, multiple victims, the age of the victims, while indicating that they're below the age of thirteen—one—the one child especially at age seven, and the disparity in regard to age can be a factor, that's included, also their privity, but between the relationship as well as the fact that [Shelton] was HIV [positive] and was aware of it at the time and it was detectable, the court finds in all three cases aggravating circumstances.

On August 5, 2024, [Shelton] filed a petition for reconsideration of sentence, the Commonwealth filed its response to said petition on September 23[,] 2024, and [the trial court] held a hearing on the matter on September 25, 2024. After which [the trial court] denied said petition via order dated September 27, 2024. The instant appeal followed.

Trial Court Opinion, 3/26/25, at 2-4 (unnecessary capitalization and record citations omitted).

Since counsel filed an **Anders** brief, we must first determine if counsel complied with the dictates of **Anders** and its progeny before we can address the merits of Shelton's claim.

This Court has detailed counsel's requirements as follows:

To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the

- 4 -

record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the *Anders* brief to the appellant; and 3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

With respect to the third requirement of *Anders*, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights.

Further, an *Anders* brief must comply with the following requirements:

(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

If counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Gabra*, 336 A.3d 1052, 1056 (Pa. Super. 2025) (brackets and citation omitted).

Counsel has substantially complied with the dictates of *Anders* and its progeny. Counsel filed an application to withdraw as counsel. *See* Application to Withdraw as Counsel, 9/2/25. While not stated within the application to withdraw, counsel did state within the *Anders* brief that she has "made a conscientious examination of the record and ultimately determined an appeal

would be wholly frivolous." ***Anders*** Brief, at 10. Attached to the application to withdraw is a letter sent to Shelton advising him that a copy of the ***Anders*** brief is enclosed and that he has the right to retain counsel or file his own brief with this Court raising any additional points he deems worthy of our attention. ***See*** Application to Withdraw as Counsel, 9/2/25, at Exhibit A. Finally, counsel's ***Anders*** brief includes a summary of the procedural and factual history with citations to the record, sets forth facts of record that could arguably support an appeal with citations to case law and statutes, and states the appeal is frivolous. ***See Anders*** Brief, at 5-7, 11-24. Because counsel has complied with the dictates of ***Anders***, we will conduct an independent review to determine if the appeal is wholly frivolous. We note that Shelton has not filed a pro se response with this Court.

We begin with the claims raised in the ***Anders*** brief:

A. Whether the trial court imposed not only unwarranted harsh and excessive individual sentences of 114 to 240 months on each offense which sentences fell in the guidelines' aggravated range, but also a harsh and excessive aggregate sentence of 342 to 720 months incarceration for aggravated indecent assault of a child less than 13 years old, 18 Pa.C.S.A. § 3125(b), since there were no aggravating circumstances involved in the commission of any of the offenses and all of the reasons identified at sentencing by the trial court constituted elements of the offense and were insufficient reasons for an aggravated sentence[?]

B. Whether the trial court erred and abused its discretion when it imposed consecutive sentences on each of the offenses rather than concurrent sentences, for an aggregate sentence of 342 [months] to 720 months which, in essence, amounted to almost a lifetime incarceration sentence[?]

C. Whether the trial court failed to consider [Shelton's] remorse and apology and any mitigating circumstances, including the fact that [Shelton] came from a disadvantaged childhood during which he spent his formative years in the juvenile system, that he has a history of serious mental health and substance[] abuse issues which were never addressed by treatment, and that the trial court failed to consider sentencing alternatives wherein [Shelton] would receive treatment for his mental health and substance abuse issues[?]

***Anders*** Brief, at 4 (unnecessary capitalization and suggested answers omitted).

All three of Shelton's claims challenge the discretionary aspects of the sentence imposed and we will address them together. "Such an appeal is not absolute; [Shelton] must meet the standards for permission to appeal." ***Commonwealth v. Morrobel***, 311 A.3d 1153, 1156 (Pa. Super. 2024) (citations omitted). The following standards apply:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.*** (citation and brackets omitted).

Shelton filed a timely notice of appeal, preserved his claims in a post-sentence motion, and included a Rule 2119(f) statement in his brief. We

therefore turn to whether he has presented a substantial question that the sentence is not appropriate under the Sentencing Code.

> The appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, that the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits.

*Id.* at 1157 (citation and brackets omitted).

Shelton argues the trial court erred in "considering factors that constitute elements of the offense when imposing sentences in the aggravated range." *Anders* Brief, at 11. Further, Shelton pled guilty to three separate counts, one for each child, and therefore the trial court erred in considering the number of children harmed in imposing an aggravated range sentence. *See id.* at 12. Finally, Shelton asserts the court erred in imposing consecutive sentences. *See id.*

Shelton's first two claims that the court relied on elements of the offense to impose an aggravated range sentence raises a substantial question. *See Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa. Super. 2006). However, as to his third claim,

> [t]he general rule in Pennsylvania is that in imposing a sentence, the court has discretion whether to make it concurrent with or consecutive to other sentences then being imposed[.] That [rule] has led to the standard that in most cases, the court's exercise of discretion in imposing consecutive as opposed to concurrent

sentences is not viewed as raising a substantial question that would allow the granting of allowance of appeal.

***Morrobel***, 311 A.3d at 1157 (quotation marks and citations omitted).

We must look at each case "individually and the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears on its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Id.*** (internal quotation marks and citation omitted).

Here, the aggregate sentence of 28 and a half years to 60 years of incarceration does not appear on its face to be excessive in light of the criminal conduct at issue, namely, sexually assaulting three young children. At least one of the victims looked at Shelton like he was family. **See** N.T. Sentencing, 7/29/24, at 5-6. Most notably, Shelton knew he was HIV positive and detectable at the time he committed these sexual assaults. **See id.** at 7, 8-9. We therefore find Shelton's claim regarding the imposition of consecutive sentences does not raise a substantial question.

We will consequently review Shelton's claims that the trial court erred in considering factors already included the elements of the offense. "Our review is well-settled, a challenge to the discretionary aspects of sentencing is reviewed for an abuse of discretion." ***Morrobel***, 311 A.3d at 1158 (citation omitted). We are further guided by the statutory mandate of section 9781(c)(2):

(c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

\*\*\*

(2) the sentencing court sentenced within the guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]

\*\*\*

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c)(2).

In determining whether the application of the guidelines would be clearly unreasonable, we also consider "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation [("PSI")]; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission." *Morrobel*, 311 A.3d at 1158 (quoting 42 Pa.C.S.A. § 9781(d)).

Shelton asserts the court should not have considered the fact that there were three victims because he pled guilty to three offenses, one for each victim. *See* Appellant's Brief, at 16. He further believes the age of the victims was included within the elements of the offenses to which he pled guilty and therefore the court erred in considering the age of the victims. *See id.*

Prior to imposing sentence, the trial court detailed its reasons, as stated above. It explained the reasons for its aggravated range sentence including

the fact that Shelton was HIV positive at the time he assaulted the children and knew he could transmit it to them.

Furthermore, the trial court opinion noted:

Prior to sentencing, [the court] carefully reviewed the PSI, the applicable standard Sentencing Guidelines, the circumstances surrounding [Shelton's] life, criminal history, and the underlying facts of the offenses. Additionally, [the court] held familiarity with [Shelton] via multiple previous appearances before [the court] regarding an unrelated criminal matter.

***

The criminal offenses that [Shelton] committed involved the sexual abuse of children, whose ages ranged between six and twelve years of age. Moreover, [the court] … noted the extensive disparity in age of [Shelton] compared to the minor victims, his relationship with the victims, and the fact [Shelton] was positive and detectable for HIV at the time of the sexual assaults. [The court] imposed sentence upon [Shelton] that took into account [Shelton's] prior history and dealings with the criminal justice system, the facts and circumstances of the instant cases, the nature and gravity of the offenses, as well as the testimony provided at [Shelton's] sentencing hearing on July 29, 2024. …

Trial Court Opinion, 3/26/25, at 12-13.

We agree with counsel that this claim is frivolous as there is nothing in the record to support Shelton's claim that the sentence imposed was clearly unreasonable in light of the criminal conduct he committed. Furthermore, our own independent review of the record has not uncovered any non-frivolous issues that counsel may have overlooked. We therefore grant counsel's petition to withdraw as counsel and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/29/2025