J-S16021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANAN TODD | : | |
| | : | |
| Appellant | : | No. 1062 WDA 2025 |

Appeal from the Judgment of Sentence Entered June 24, 2025
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0002539-2022

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:                                   **FILED: June 23, 2026**

Anan Todd appeals from his judgment of sentence of twenty-two to forty-four years of incarceration following his *nolo contendere* pleas to three counts of aggravated assault, two counts of arson, and one count of strangulation.  We affirm.

We glean the following factual background from the criminal complaint and sentencing transcript.  On February 8, 2022, Azea Reid went to Appellant's residence to end their relationship.  Appellant responded by dragging her up the stairs to his apartment and assaulting her over the course of several hours by strangling her, ripping out her hair, beating her with a curtain rod and metal mop handle, dousing her in hot sauce, and putting on boots with which to kick her in the face.  At some point, Appellant used accelerant to set Ms. Reid's nearby house on fire and forced her to watch it burn from his apartment

window. When police responded to a neighbor's report of hearing screaming at Appellant's apartment, he pushed one officer down the stairs and resisted when the other attempted to take him into custody. While the officers sustained relatively minor injuries, Ms. Reid sustained fractures to her back, lacerations to her scalp requiring at least eight staples, and six stitches next to her eye.

On March 19, 2025, Appellant entered his pleas of *nolo contendere* to the above charges, and the trial court ordered the preparation of a presentence investigation ("PSI") report. Sentencing took place on June 24, 2025. At the hearing, the Commonwealth presented various witnesses and exhibits evincing Appellant's criminal activities and the injuries that resulted, and requested an aggregate sentence of twenty-four to forty-eight years. Appellant presented three family members to attest to his good character and potential to be a productive member of society, and he spoke to express remorse and highlight his good conduct while in jail awaiting trial. At the conclusion of the proceeding, the trial court imposed the sentence indicated above.

Specifically, the court ordered: (1) an aggravated-range sentence of eight to sixteen years for the assault of Ms. Reid; (2) a consecutive mitigated-range sentence of three and one-half to seven years for the assault of one officer; (3) a consecutive standard-range sentence of three and one-half to seven years for the assault of the other officer; (4) a consecutive standard-

range sentence of five to ten years for arson-endangering persons; (5) a consecutive aggravated-range sentence of two to four years for arson-intent to destroy an unoccupied building; and (6) a standard-range sentence of three to six years for strangulation, running concurrently with the first aggravated assault sentence.

Appellant filed a post-sentence motion seeking to withdraw his plea as well as requesting modification of his sentence on the bases that the court did not sufficiently state the reasons for its sentence, failed to adequately consider the required sentencing factors, and imposed a manifestly excessive sentence.[1]  The trial court denied Appellant's motion by orders of August 18, 2025.[2]  This timely appeal followed.  Appellant *sua sponte* filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and trial court authored a responsive Rule 1925(a) opinion.

Appellant presents one claim on appeal:  "Did the trial court abuse its discretion when it denied Appellant's motion to modify sentence and where

---

[1] At the end of the sentencing hearing, Appellant's plea counsel expressed an intent to withdraw, and Appellant indicated his need for new appointed counsel.   There appears to have been confusion about Appellant's representation status for a time thereafter, with Appellant and appellate counsel both submitting filings.  We refer to the post-sentence motion filed by counsel.

[2] The docket reflects that separate orders were entered on that date denying the motion to withdraw the plea and denying the motion for modification of sentence.  However, only the former is included in the certified record.

the sentence that was imposed did not make a meaningful inquiry into the factors set forth in 42 Pa.C.S. § 9721?" Appellant's brief at 5 (cleaned up).

As Appellant challenges the discretionary aspects of his sentence, the following legal principles govern our initial consideration of his claim:

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> > (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect [pursuant to] Pa.R.A.P. 2119(f)[3]; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Lucky***, 229 A.3d 657, 663–64 (Pa.Super. 2020) (cleaned up).

---

[3] Rule 2119(f) provides:

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f).

Appellant filed a timely notice of appeal and a timely post-sentence motion seeking reconsideration of his sentence. He has included a Rule 2119(f) statement in his brief. Therein, he acknowledges that his statement "must specify where the sentence falls in relation to the sentencing guidelines, what particular provision of the sentencing code the sentence violates, what fundamental norm the sentence violates, and the manner in which it violates that norm." Appellant's brief at 10 (citing *Commonwealth v. Goggins*, 748 A.2d 721 (Pa.Super. 2000) (*en banc*)). However, the remainder of the statement merely pinpoints his various sentences within the guideline ranges. Appellant's Rule 2119(f) statement offers no indication of what sentencing norm was supposedly violated or the manner of the violation.

The Commonwealth objects to this briefing defect, also citing our *Goggins* decision. **See** Commonwealth's brief at 6-7. Pertinently, the *Goggins* Court observed:

> Our Supreme Court has emphasized that we must determine whether an appellant's Rule 2119(f) statement presents a substantial question before reaching the merits of an appellant's arguments. Accordingly, the statement both frames issues and limits the extent to which we may conduct appellate review. The Supreme Court has explained that:
>
> If the determination that a substantial question exists is not made prior to examination of and ruling on the merits of the issue of the appropriateness of the sentence, the appealing party has in effect obtained an appeal as of right from the discretionary aspects of a sentence. It is elementary that such an enlargement of the appeal rights of a party cannot be accomplished by rule of court.

*Goggins*, 748 A.2d at 726 (cleaned up).  Accordingly, the Commonwealth advocates for declining to reach the merits of Appellant's claim.

Plainly, Appellant's 2119(f) statement does not comport with the requirements of our precedent.  However, this Court has overlooked deficiencies in Rule 2119(f) compliance where the appellant has presented a colorable claim challenging the propriety of his sentence in his brief antecedent to the argument section thereof.  *See*, *e.g.*, *Commonwealth v. Anderson*, 830 A.2d 1013, 1017–18 (Pa.Super. 2003) (declining to find waiver in appeal seeking only review of the discretionary aspects of the sentence where a statement of the sentencing challenges preceded the argument, albeit not designated as a Rule 2119(f) statement).  *See also Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa.Super. 2012) (indicating we determine whether a substantial question exists from both "the statement of questions presented and the prefatory 2119(f) statement").

From examining Appellant's statement of questions and his Rule 2119(f) statement, we perceive that he contends that the trial court violated a fundamental sentencing norm by failing to consider the factors enumerated within § 9721 of the Sentencing Code.[4]  Hence, notwithstanding the anemic

---

[4] That provision specifies that the court, in addition to considering the Sentencing Guidelines, should impose a sentence consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."  42 Pa.C.S § 9721(b).

Rule 2119(f) statement, we are able to discern that he has presented a substantial question prior to reaching the substance of his argument. **See**, **e.g.**, **Commonwealth v. Raven**, 97 A.3d 1244, 1253 (Pa.Super. 2014) ("It is well-established that a sentencing court's failure to consider mitigating factors raises a substantial question.").

Therefore, we proceed to consider the merits of Appellant's claim, mindful of the following governing principles:

> Appellant must demonstrate that the sentencing court abused its discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Solomon**, 247 A.3d 1163, 1168 (Pa.Super. 2021) (cleaned up). Furthermore, where, as here, the trial court has the benefit of a PSI report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Torres**, 303 A.3d 1058, 1065 (Pa.Super. 2023) (cleaned up). "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." **Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa.Super. 2009).

Although it is broad, "the trial court's discretion is not unfettered." **Commonwealth v. Coulverson**, 34 A.3d 135, 144 (Pa.Super. 2011). As noted above, the sentence imposed "should call for confinement that is

consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation." *Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa.Super. 2022) (cleaned up). Finally, "[t]he general rule in Pennsylvania is that in imposing a sentence, the court has discretion whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed." *Commonwealth v. Morrobel*, 311 A.3d 1153, 1157 (Pa.Super. 2024) (cleaned up).

Appellant's argument, at bottom, is that the court focused exclusively on the seriousness of the offenses "and simply ignored [his] rehabilitative needs[.]"[5] Appellant's brief at 17. We disagree.

The trial court addressed Appellant's claim as follows:

---

[5] Appellant also includes in his argument allegations that the court failed to adequately state the reasons for imposing aggravated-range and consecutive sentences. *See* Appellant's brief at 14-16. Those distinct sentencing issues were suggested by neither his statement of questions nor his Rule 2119(f) proffer. Hence, they are properly before us only to the extent that they are subsumed within his contention that the court failed to "make a meaningful inquiry into the factors set forth in 42 Pa.C.S. § 9721." Appellant's brief at 5 (citation altered). *See Commonwealth v. Dodge*, 77 A.3d 1263, 1271 (Pa.Super. 2013) (explaining that an appellant must independently establish a substantial question for each sentencing issue raised).

[C]ontrary to [Appellant]'s assertion, this court reviewed [his] pre-sentencing report as stated prior to his sentencing. Appellant contends his sentence was excessive and the trial court failed to weigh § 9721 factors. The record shows the court reviewed the [PSI] report, considered Appellant's prior record, the seriousness of the offenses, and victim impact. Consecutive sentences were imposed within statutory limits. Moreover[,] the record demonstrates that the court had and reviewed the [PSI] report prior to sentencing [and] considered the evidence submitted, including witness testimony, exhibits, and argument. This court heard testimony from character witnesses for [Appellant] and considered the nature and circumstances of the offenses, the need to protect . . . the public, the gravity of the offenses as they relate to the impact on the victim and the community, and [Appellant]'s rehabilitative needs, and articulated reasons for the sentence imposed. This court explained its rationale for consecutive terms, emphasizing the seriousness and distinct nature of the crimes, the cooling off period between the arson and the aggravated assault, the diabolic and psychologically cruel aspects of forcing the victim to watch her home burn, and the grave risks posed to emergency responders.

Consecutive terms were imposed within statutory limits to account for the separate harms and victims—Ms. Reid, the emergency responders endangered by the arson, and the two officers assaulted during the response—and the temporal separation between the arson and the later assault. The court further clarified the aggregate term on the record as twenty-two to forty-four years. Wherefore, the sentence is supported by the § 9721 factors and the reasons therefore were properly articulated on the record.

Trial Court Opinion, 11/14/25, at 2-3 (cleaned up, pagination supplied).

Our review of the sentencing transcript confirms the court's representations. Appellant's wish that the court had afforded more weight to his rehabilitative needs entitles him to no relief. *See Macias*, 968 A.2d at 778. As we perceive no indication that the trial court "ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill

will, or arrived at a manifestly unreasonable decision," we have no basis to disturb his sentence. *Solomon*, 247 A.3d at 1168 (cleaned up)

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/23/2026